UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MARIE DAILEY, #645275,

        Petitioner,

                                CASE NO.  2:11-CV-13136
v.                                HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**      **Introduction**

Michigan prisoner Shawn Marie Dailey ("Petitioner"), confined at the Huron Valley Women's Complex in Ypsilanti, Michigan,  filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is held in violation of her constitutional rights. She pleaded no contest to three counts of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(a), in the Muskegon County Circuit Court and was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 12 to 22½ years imprisonment.

Petition raises claims concerning the denial of substitute counsel, the validity of her sentence, and the effectiveness of trial and appellate counsel.  The matter is before the Court on Respondent's motion for summary judgment to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

The Court reviewed the pleadings and state court record, and finds that the habeas petition

is untimely under 28 U.S.C. § 2244(d) and must be dismissed. Also, neither a certificate of appealability nor leave to proceed *in forma pauperis* on appeal are warranted.

## II.     Facts and Procedural History

Petitioner's convictions arise from her actions in arranging for her boyfriend to have sexual relations with her 15-year-old daughter in June and July, 2006. Petitioner pleaded no contest to three counts of aiding and abetting third-degree criminal sexual conduct in the Muskegon County Circuit Court on April 17, 2007. The trial court sentenced her as a second habitual offender to 12 to 22½ years imprisonment on June 18, 2007.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising sentencing claims. The application was denied "for lack of merit in the grounds presented." *People v. Dailey*, No. 281855 (Mich. Ct. App. Jan. 18, 2008). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Dailey*, 481 Mich. 879, 748 N.W.2d 838 (May 27, 2008).

On April 7, 2009, Petitioner filed a motion for relief from judgment with the state trial court raising substitute counsel and ineffective assistance of counsel claims. The trial court denied the motion, finding that Petitioner had not shown cause and prejudice under Michigan Court Rule 6.508(D)(3) for her failure to raise the claims on direct appeal of her convictions. *People v. Dailey*, No. 06-53849-FH (Muskegon Co. Cir. Ct. May 22, 2009). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Dailey*, No. 295476 (Mich. Ct. App. Feb. 10, 2010). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Dailey*, 487 Mich. 854, 784 N.W.2d 213

2

2:11-cv-13136-VAR-LJM   Doc # 7   Filed 03/15/12   Pg 3 of 7   Pg ID 599

(July 26, 2010).

Petitioner dated her federal habeas petition (proof of service) on July 15, 2011 and the petition was filed by the Court on July 20, 2011. Respondent filed this motion for summary judgment on January 26, 2012. Petitioner did not reply.

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date because Petitioner filed her petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period proscribed by this section must

2:11-cv-13136-VAR-LJM   Doc # 7   Filed 03/15/12   Pg 4 of 7   Pg ID 600

be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on May 27, 2008. Her convictions thus became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on August 25, 2008. Accordingly, Petitioner was required to file her federal habeas petition on or before August 25, 2009, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed her state court motion for relief from judgment on April 7, 2009. At that point, 225 days of the one-year period had expired. Petitioner's motion and related appeals remained pending in the state courts, thereby tolling the one-year period, until July 26, 2010 when the Michigan Supreme Court denied leave to appeal. Petitioner then had 140 days, until December 13, 2010, to file her federal habeas petition. Petitioner did not date her habeas petition until July 15, 2011 – well after the one-year period had expired. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has not shown that the State created an impediment to the filing of her federal habeas petition, nor has she shown that her claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. Petitioner's habeas action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court  confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010).  The Supreme Court verified that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden to demonstrate that she is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing.  Moreover, the fact that she is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling.  *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner has not shown that she is entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him [or her]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his [or her] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. Moreover, her no contest plea belies any actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that claim of actual innocence is difficult to establish, particularly when defendant pleads guilty); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same). Petitioner is not entitled to equitable tolling of the one-year period. Her petition is untimely and must be dismissed.

## IV.    Conclusion

The Court concludes that Petitioner failed to file her habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that she has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes habeas review of her claims. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

6

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id*.  Jurists of reason would not find the Court's procedural ruling in this case debatable.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

   **IT IS SO ORDERED**.


                                         S/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated:  March 15, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Shawn Marie Dailey by electronic means or U.S. Mail on March 15, 2012.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |

7